People v Reyes-Fuentes (2020 NY Slip Op 00518)





People v Reyes-Fuentes


2020 NY Slip Op 00518


Decided on January 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
Supreme Court of the State of New York
Appellate Division: Second Judicial Department
D62049
M/afa
 AD3d

ALAN D. SCHEINKMAN, P.J.


[*1]The People of the State of New York, plaintiff,
v
William Reyes-Fuentes, defendant.
The People, etc., plaintiff,
v
Luis Alejandro Varela, defendant.
The People, etc., plaintiff,
v
Jose Quintanilla-Cruz, defendant. (Ind. No. 1873/18)




DECISION & ORDER
Applications pursuant to CPL 245.70(6) to review a ruling of an Acting Justice of the Supreme Court, Nassau County, as set forth in a protective order of that court dated January 13, 2020, and, upon review, to vacate or modify the ruling.
Upon the papers filed in support of the applications and the papers filed in opposition thereto, it is
ORDERED that the applications are granted, the ruling and the protective order are vacated, and the matter is remitted to the Supreme Court, Nassau County, to afford the defendants an opportunity to make arguments to that court with respect to the People's application for a protective order.
Three defendants were charged in an indictment with murder in the second degree. The People made an application for a protective order allowing them to withhold certain information otherwise required to be disclosed under CPL 245.20(1) related to the identity and statements of witnesses and their documented interaction with law enforcement. The Supreme Court granted the application after conducting an ex parte proceeding. At the conclusion of the proceeding, the court noted that the defense was aware that the People were seeking a protective order and wanted a hearing to be conducted. However, the court stated, without explanation, that nothing was revealed during the proceeding that required the court to seek assistance from the defendants or their counsel in this matter.
For the reasons discussed in People v Bonifacio (___ AD3d ___ [decided herewith]), I conclude that the Supreme Court should have afforded defense counsel an opportunity to be heard on the People's application for a protective order. Accordingly, I conclude that the expedited review applications should be granted, the court's ruling and protective order should be vacated, and the matter should be remitted to the Supreme Court, Nassau County, to afford the defendants an opportunity to make arguments to that court with respect to the People's application for a protective order. ALAN D. SCHEINKMAN Presiding Justice